McLAUGHLIN, Circuit Judge,
concurring:
I agree with my colleagues that reasonable suspicion supported the search at issue here. I write separately only to note my continuing belief that something less than reasonable suspicion may support a search of the dwelling of a felon on probation.
The Supreme Court has remained expressly agnostic on this question. See United States v. Knights, 534 U.S. 112, 120 n. 6, 122 S.Ct. 587, 151 L.Ed.2d 497(2001). Our court, too, has noted that probationary searches may be permissible if based upon reasonable suspicion, “or potentially a lesser standard.” United States v. Lifshitz, 369 F.3d 173, 181 (2d Cir.2004).
We recently refused, however, to interpret Knights as permitting suspicionless searches in the absence of a “special need” beyond law enforcement, or a similar exception. Nicholas v. Goord, 430 F.3d 652, 666 (2d Cir.2005). We promised to follow this “more prudent” course until the Supreme Court clarified its Fourth Amendment jurisprudence. Id.
That time has come. Last year’s decision in Samson v. California, — U.S. -, 126 S.Ct. 2193, 165 L.Ed.2d 250 (2006), has fatally undermined the “prudent” reading of Knights. In approving the use of a general balancing test for suspicionless parolee searches, the Court admonished that it has “never held that [‘special needs’ scenariosjare the only limited circumstances in which searches absent individualized suspicion could be ‘reasonable’ under the Fourth Amendment.” Id. at 2201 n. 4.
It is not a great leap from the conditioned parole of Sampson to a conditioned probation-though it may be an important one. Cf. id. at 2198 (noting that “parolees have fewer expectations of privacy than probationers”). Distinctions could also be drawn upon the particular release conditions imposed upon a defendant. Compare id. at 2199, with Knights, 534 U.S. at 114, 122 S.Ct. 587.
Inevitably, however, a case will arise in which a suspicionless search of a probationer occurs absent a “special need” or similar exception. I believe that the propriety of that search would present an open question of constitutional law in this Circuit after Samson.